UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERIK PIERRE RENAUD, individually,
JENNIFER MARY ZWIEFEL RENAUD,
individually, and the marital community
composed thereof,

    Plaintiffs,

v.

MARK WILLIAM GILLICK, individually;
and the marital community of MARK
WILLIAM GILLICK and JULIE A.
GILLICK,

    Defendants.

Case No. C06-1304RSL

ORDER GRANTING MOTION
FOR EXPEDITED DISCOVERY

    This matter comes before the Court on plaintiffs' "Motion For Permission to Conduct Expedited Discovery." (Dkt. #8) Erik and Jennifer Renaud ("plaintiffs") ask this Court to allow discovery prior to the required conferral between the parties under Fed. R. Civ. P. 26(f). Specifically, plaintiffs seek permission to issue third party subpoenas to financial institutions in order to ascertain the location of funds plaintiffs had previously transferred to Mark Gillick ("defendant"). For the reasons stated herein, the motion by plaintiffs is GRANTED.

## I. FACTS AND PROCEDURAL HISTORY

    Plaintiffs allege that defendant proposed a transaction in which plaintiffs would acquire

ORDER GRANTING MOTION FOR EXPEDITED DISCOVERY - 1

300,000 shares of Virtual Assistant Corporation ("VAC") for $150,000.  As part of this plan defendant allegedly promised to purchase 600,000 VAC shares and then transfer 300,000 shares to plaintiffs upon receipt of their $150,000.  Plaintiffs wired defendant $150,000 for the purchase of the shares.  Subsequently, defendant informed plaintiffs that he sold the 600,000 shares at a price of $5.35 per share.  Plaintiffs argue that they are entitled to the net proceeds of the sale of their 300,000 shares.  Despite a wire transfer order and other requests from plaintiffs, defendant has not produced the funds or disclosed the location of the funds.  Furthermore, defendant has told plaintiffs that he has now transferred the funds to at least three different financial institutions.

Plaintiffs filed suit in this Court to reclaim the proceeds from defendant.  Plaintiffs then filed an *ex parte* discovery motion in order to locate the funds.  They desired to act confidentially anticipating that defendant would take evasive action with their money if he knew of the lawsuit against him.  The Court denied plaintiffs' motion on the grounds that the Court should provide defendant with the opportunity to respond to the complaint and the motion before any form of discovery commenced.  (Dkt. #6).  In the Order, the Court indicated that it would entertain a motion for expedited discovery once defendant was properly served.  On October 20, 2006, plaintiffs hand-delivered the complaint to defendant in Minnesota.  On November 3, 2006, plaintiffs mailed  notice of this motion and the previously denied *ex parte* motion for early discovery.  As of January 3, 2007, defendant had not filed an answer to the claim or a response to the present motion.

In support of their motion, plaintiffs argue that expedited discovery is necessary to prevent the transfer and loss of their money.  They seek to issue third party subpoenas to several financial institutions who they suspect are in possession of money held in defendant's name.  They intend to use this information in support of a temporary restraining order to prevent further disbursement by defendant.  Plaintiffs buttress their position by offering a record of outstanding judgments levied against defendant in similar transactions with other parties.

ORDER GRANTING MOTION FOR EXPEDITED DISCOVERY - 2

## II.  DISCUSSION

**A.    Service Upon Defendant Was Proper**

The Federal Rules of Civil Procedure delineate the requirements for proper service. Unless service has been waived, plaintiff must serve defendant with the summons and a copy of the complaint.  Fed. R. Civ. P. 4(b)-(d).  Fed. R. Civ. P. 5 provides that a plaintiff must serve a defendant with "every paper relating to discovery required to be served."  A party may execute service by presenting the documents in person (Fed. R. Civ. P. 5(b)(2)(A)) or by "mailing the documents to the last known address of the person served."  (Fed. R. Civ. P. 5(b)(2)(B)).  If a party chooses service by mail, "service is complete upon mailing."  Id.

In its previous order, the Court required that plaintiffs serve defendant with both the complaint and any motion relating to early discovery.  Through an agent, plaintiff delivered the complaint to defendant by hand on October 20, 2006.  On November 3, 2006, plaintiffs mailed the *ex parte* motion and the present motion for expedited discovery to defendant's address in Minnesota.  Under Rules 4 and 5, both methods of service are proper and defendant has been duly notified of the present proceedings.

**B.    Expedited Discovery Permitted For Good Cause Shown**

Plaintiffs' motion asks the Court to deviate from standard pretrial procedure.  Fed. R. Civ. P. 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  However, the Rule recognizes that expedited discovery may occur when authorized by court order.  Id.  Currently, there is a dearth of binding authority pertaining to expedited discovery.  However, many district courts have followed the standard set out in Yokohama Tire Corp. v. Dealers Tire Supply, Inc., 202 F.R.D. 612, 614 (D. Ariz. 2001).[1]  The court held that district courts have discretion to allow expedited discovery

---

[1] Best Western International, Inc. v. Doe, No. CV-06-1537, 2006 WL 2091695, at *1 (D. Ariz. July 25, 2006) ("An order permitting discovery before a Rule 26(f) conference may be issued for 'good cause.'") (quoting Yokohama, 202 F.R.D. at 614); Dimension Data North America, Inc. v. Netstar-1, Inc., 226 F.R.D. 528, 531 (E.D.N.C. 2005) ("[A] standard based upon reasonableness or good cause, taking into account the totality of the circumstances, is more

ORDER GRANTING MOTION FOR EXPEDITED DISCOVERY - 3

upon a showing of good cause by the moving party.  Id. at 613-14.  Although the court did not expound upon the definition of "good cause,"[2] it relied on Ninth Circuit jurisprudence to formulate the standard.  Id. (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992)).

In Johnson, the court employed the good cause standard to deny a motion to amend the scheduling order.  The court emphasized diligence and the intent of the moving party as the *sine qua non* of good cause.  It noted that "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of inquiry is upon the moving party's reasons for seeking modification . . . If that party was not diligent, the inquiry should end."  Id. at 609 (citing Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)).  The court concluded that good cause did not exist where the moving party's failure to timely request a scheduling order amendment resulted from his own inaction.        Utilizing the holdings of both Yokohama and Johnson, the court in Semitool, Inc. v. Tokyo Electron America, 208 F.R.D. 273 (N.D. Cal. 2002), addressed a motion for expedited discovery.  It opined that good cause existed "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  Id. at 276.  The court granted the motion for expedited discovery where plaintiff sought out documents that it repeatedly requested from defendant.  Id. at 277.  The court held that the ample notice to defendant and the narrow nature of the proposed discovery established good cause to grant the motion.  Id.  However, the court denied the discovery request pertaining to third parties on the grounds that they were duplicative of that which plaintiff sought from

---

in keeping with discretion bestowed upon the court in the Federal Rules of Civil Procedure."); Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co., 204 F.R.D. 675, 676 (D. Colo. 2002) ("Rule 26(d), Fed. R. Civ. P., allows me to order expedited discovery upon a showing of good cause.").

[2] The court held that an "adverse party shall be presumptively entitled to notice and an opportunity to be heard prior to any ruling" on a motion for expedited discovery.  Yokohama, 202 F.R.D. at 614.  Accordingly, the court declined to rule on the existence of good cause since defendant lacked notice of the complaint or the motion.

ORDER GRANTING MOTION FOR EXPEDITED DISCOVERY - 4

defendant. Id. In addition, the court concluded that granting the motion for expedited discovery did not prejudice defendant since the requested documents already existed and defendant conceded that they would surface during the normal course of discovery. Id.

The Court finds that plaintiffs have demonstrated good cause consistent with the factors identified in Johnson and Semitool. First, plaintiffs exercised diligence in attempting to locate their funds before making this motion. Unlike the moving party in Johnson, the failure of plaintiffs to locate their funds is not self-procured. They have issued several requests for information on their funds from defendant to no avail. Second, they seek this information in order to advance the litigation and save judicial resources. They argue that this discovery is crucial to "proving both liability and the amount of damages for the Renauds' various claims" against defendant. Motion at p. 10. They persuade the Court that safeguarding the funds will promote efficient disposition of this matter. Third, the defendant will not suffer prejudice if the Court grants the motion. Defendant has had notice of this inquiry but has failed to respond with the requested information. Furthermore, the third party document requests will not impose a significant burden upon defendant.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS plaintiffs' motion for expedited discovery (Dtk. #8).

DATED this 8th day of January, 2007.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION FOR EXPEDITED DISCOVERY - 5